UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

MARC JENKINS,

                              Plaintiff,

      -against-

CITY OF NEW YORK, SEAN DEGNAN, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Index No.

<u>Jury Trial Demanded</u>

Plaintiff MARC JENKINS, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## Preliminary Statement

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff MARC JENKINS is a twenty-nine-year-old man residing in New York, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, SEAN DEGNAN, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On June 2, 2022 at approximately 11:00 a.m., plaintiff was taken into custody and handcuffed in the Bronx by NYPD warrant squad officers acting on behalf of defendant NYPD detective SEAN DEGNAN, and transported to the 23rd Police Precinct, located at 164 E. 102nd Street, New York, New York, where he remained handcuffed for several hours, was questioned, and formally charged with felony crimes by defendant DEGNAN, for purportedly engaging in a shooting on May 7, 2022, which occurred in the vicinity of 104th Street and Second Avenue.

13. Defendant DEGNAN caused plaintiff to be arrested without probable cause and absent sufficient evidence to support that plaintiff was the individual who had discharged a firearm during the May 7, 2022 shooting incident.

14. Moreover, defendant DEGNAN ignored exculpatory evidence known to him, including evidence which indicated that plaintiff was in the Meatpacking District in lower Manhattan shortly after the shooting occurred, and too close in time to the shooting for him to have been the shooter, that the clothing worn by plaintiff on the day of the shooting differed from the description provided by an eyewitness to the shooting, and other eyewitness information relayed via 911 calls that the shooter was on foot and fled into the nearby New York City Housing Authority housing, all of which was inconsistent with defendant DEGNAN's theory of the case that the shooter had utilized a vehicle in the shooting.

15. Despite all of the exculpatory evidence known to DEGNAN, which called into question defendant DEGNAN's theory of the case and any reasonable belief that plaintiff was the shooter, defendant DEGNAN failed to take any further investigative steps, including, *inter*

3

*alia*, listening to 911 calls or interviewing 911 callers, reviewing body worn camera footage of responding officers, or otherwise following up on available investigatory leads, instead focusing solely on cobbling together a faulty case against plaintiff based solely on video surveillance which purported to track the vehicle allegedly involved in the shooting.

16. Defendant DEGNAN unearthed no evidence directly linking plaintiff to the shooting, or which established that the vehicles depicted in the surveillance footage DEGNAN gathered were actually linked to plaintiff or the shooting.

17. Based on this faulty and insufficient video evidence, which did not provide probable cause to arrest plaintiff, plaintiff was imprisoned until June 3, 2022, and then arraigned in New York County Criminal Court on baseless felony charges of, *inter alia*, attempted murder.

18. Defendant DEGNAN initiated said prosecution without probable cause and otherwise with malice.

19. Defendant DEGNAN created and manufactured false evidence against plaintiff and conveyed said evidence to the New York County District Attorney's Office causing said evidence to be used against plaintiff in the aforementioned malicious prosecution, and resulting in plaintiff suffering deprivation of liberty.

20. As a result of the defendants' conduct, plaintiff was held on Rikers Island for approximately two months and compelled to return to court on numerous occasions until July 31, 2023, when plaintiff was exonerated and acquitted of all charges levied against him by a jury in New York County Criminal Court.

21. Defendants DEGNAN, and JOHN and JANE DOE 1 through 10 either supervised, participated in, and/or failed to intervene in the above-described acts of misconduct.

22. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees. Specifically the City of New York has failed to train its police officers in the proper methods of investigation and the probable cause required to make an arrest.

23. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints filed with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers, including the defendants are insufficiently trained regarding: proper methods of investigation, the probable cause necessary to make an arrest, and ignore exculpatory evidence.

24. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

25. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

27. All of the aforementioned acts deprived plaintiff MARC JENKINS of the rights,

privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31. As a result of the foregoing, plaintiff MARC JENKINS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his liberty and his constitutional rights.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

32. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33. Defendants arrested plaintiff MARC JENKINS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical

restraints.

34. Defendants caused plaintiff MARC JENKINS to be falsely arrested and unlawfully imprisoned.

35. As a result of the foregoing, plaintiff MARC JENKINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

36. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37. Defendants created false evidence against plaintiff MARC JENKINS.

38. Defendants utilized this false evidence against plaintiff MARC JENKINS in legal proceedings.

39. As a result of defendants' creation and use of false evidence, plaintiff MARC JENKINS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

40. As a result of the foregoing, plaintiff MARC JENKINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Malicious Prosecution under 42 U.S.C. § 1983)

41. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42. Defendants initiated, commenced and continued a malicious prosecution against plaintiff MARC JENKINS.

43. Defendants caused plaintiff MARC JENKINS to be prosecuted without any probable cause until plaintiff was exonerated by a jury on July 31, 2023 and all charges were dismissed and sealed.

44. As a result of the foregoing, plaintiff MARC JENKINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

45. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendants had an affirmative duty to intervene on behalf of plaintiff MARC JENKINS, whose constitutional rights were being violated in their presence by other officers.

47. The defendants failed to intervene to prevent the unlawful conduct described herein.

48. As a result of the foregoing, plaintiff MARC JENKINS'S liberty was restricted for an extended period of time and compelled to appear in criminal court.

49. As a result of the foregoing, plaintiff MARC JENKINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. The supervisory defendants personally caused plaintiff's constitutional injury by their personal involvement in the acts alleged herein and being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

52. As a result of the foregoing, plaintiff MARC JENKINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

53. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff MARC JENKINS'S rights as described herein. In addition, the New York City Police Department has failed to properly train its employees with regard to proper investigatory methods and the probable cause required to make an arrest, and are also aware that many officers improperly disregard exculpatory evidence. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MARC JENKINS.

57. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MARC JENKINS as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MARC JENKINS as alleged herein.

59. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff MARC JENKINS was unlawfully arrested, maliciously prosecuted, and denied his right to fair trial.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MARC JENKINS' constitutional rights.

61. All of the foregoing acts by defendants deprived plaintiff MARC JENKINS of federally protected rights, including, but not limited to, the right:

    A. To be free from false arrest/unlawful imprisonment;

    B. To be free from the failure to intervene;

    C. To receive his right to fair trial; and

    D. To be free from malicious prosecution.

62. As a result of the foregoing, plaintiff MARC JENKINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

### AS AND FOR A SEVENTH CAUSE OF ACTION
(N.Y.C. Administrative Code §§ 8-801 through 8-807 Against All Defendants)

63. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. Plaintiff MARC JENKINS' right to be free from false arrest was violated by the conduct of the defendants in violation of New York City Administrative Code § 8-801 through 8-807.

65. The City of New York is liable as the employer of the defendants under New York City Administrative Code § 8-803(b).

66. Qualified immunity is no defense to this claim.

67. As a result of the foregoing, plaintiff MARC JENKINS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MARC JENKINS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
October 24, 2024

BRETT H. KLEIN, ESQ., PLLC
Attorneys for Plaintiff MARC JENKINS
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: *Brett Klein*
BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------------X

MARC JENKINS,

                                Plaintiff,                Docket No.

    -against-

CITY OF NEW YORK, SEAN DEGNAN, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                Defendants.

---------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132